| | |
|---|---|
| **WO** | RP |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carlton Errol Godwin, | ) | No. CV 09-8218-PCT-MHM (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Thomas M. Stoxen, et al., | ) | |
| Defendants. | ) | |

Plaintiff Carlton Errol Godwin, who is confined under Arizona Department of Corrections (ADOC) custody in the Huerfano County Correctional Center in Walsenburg, Colorado, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff has not paid the $350.00 civil action filing fee but has filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will deny the Application to Proceed *In Forma Pauperis* without prejudice and give Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

**I.    Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires

**JDDL**

an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where he was confined during the six-month period. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4(a).

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4). The balance of the fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

## II. Application Fails to Comply With Statute

Although Plaintiff has filed the Application to Proceed *In Forma Pauperis* on the court-approved form, Plaintiff's Application to Proceed is deficient in a couple of ways. First, the "Certificate of Correctional Official as to Status of Applicant's Trust Account" section has not been filled out with Plaintiff's trust account balance, average monthly deposits during the prior six months, and average monthly balance during the prior six months. Second, the printout of Plaintiff's "Inmate Bank Account," that was filed separately (Doc. #4), provides only a spendable balance for November 18, 2009, does not provide average monthly deposits or average monthly balances, and has not been signed by an authorized officer as required.

In light of these deficiencies, Plaintiff's Application to Proceed *In Forma Pauperis* will be denied without prejudice, and Plaintiff will be permitted 30 days to either pay the $350.00 filing fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

The ADOC has notified the Court that a certified trust fund account statement showing deposits and average monthly balances is available from the ADOC's Central

1 | Office. Accordingly, Plaintiff must obtain the certified copy of his trust fund account
2 | statement from the ADOC's Central Office.

**III.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied without prejudice**.

(2) Within **30 days** of the date this Order is filed, Plaintiff **must either** pay the $350.00 filing fee **or** file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the ADOC's Central Office.

(3) **If** Plaintiff fails to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

//
//

(4) The Clerk of the Court **must mail** Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

DATED this 16th day of December, 2009.

Mary H. Murguia
United States District Judge